NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0028n.06

No. 24-3232

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jan 22, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| MATTHEW J. BROWN, | ) | |
| Defendant-Appellant. | ) | OPINION |

Before: GILMAN, STRANCH, and LARSEN, Circuit Judges.

**RONALD LEE GILMAN, Circuit Judge.** Matthew J. Brown pleaded guilty, without a plea agreement, to one count of being a felon in possession of a firearm. He appeals his sentence of 78 months of imprisonment, arguing that his sentence is substantively unreasonable. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

On December 17, 2022, police found Brown, his son, and another companion with an open container of alcohol in a car parked at a gas station. They arrested Brown when they discovered a stolen firearm in one of his coat pockets. At the time, Brown was on post-release supervision for a state sexual-battery conviction.

Brown pleaded guilty to one count of violating 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(8) by being a felon in possession of a firearm. In its Presentence Report, the

Probation Department recommended a base offense level of 20. It then added a two-point enhancement for Brown's possession of the stolen firearm, but also applied a three-level reduction for his acceptance of responsibility. The net total offense level was thus set at 19. After reviewing Brown's extensive criminal history, the Probation Department next recommended a criminal-history category of VI. This resulted in an applicable Guidelines range of 63 to 78 months of imprisonment. The Probation Department finally noted that a downward variance might be appropriate because of Brown's personal history and characteristics.

Brown was sentenced in March 2024. The district court began the sentencing hearing by describing Brown's offense conduct, reviewing the Presentence Report, and identifying the uncontested Guidelines range of 63 to 78 months of imprisonment. Both parties then discussed the 18 U.S.C. § 3553(a) factors. The government emphasized Brown's long criminal history and noted that Brown had not previously received any sentence longer than his most recent sentence of 60 months for sexual battery.

Because Brown's past sentences had not deterred him from future criminal activity, the government asked the district court to sentence Brown to 78 months of imprisonment, at the high end of the applicable Guidelines range. Defense counsel, on the other hand, argued that Brown was seeking to improve himself, had accepted responsibility for his actions, and had strong family and community ties. His counsel then requested that the court sentence Brown to 63 months of imprisonment, which was at the low end of the applicable Guidelines range. This low-end sentence, according to available sentencing data, was also the median sentence for defendants found guilty of similar conduct.

After hearing argument from both sides, the district court applied the § 3553(a) factors. The court noted that Brown had refused to comply with the arresting officer's commands, had

begun reaching for his coat pocket containing the loaded, stolen firearm, and was in the vehicle with two others. One of those in the car with Brown was his adult son, who was in possession of his own loaded firearm. The court also noted that Brown had an extensive criminal history that included drug possession, drug trafficking, the unlawful possession of weapons, receipt of stolen property, possession of criminal tools, promotion of prostitution, juvenile rape, and sexual battery. But as mitigating factors, the court acknowledged Brown's unstable upbringing, periods of homelessness, substance abuse, favorable employment history, and his relationship with his 14 children.

The district court ultimately reasoned that no previous term of confinement, including the recent term of 60 months of imprisonment for sexual battery, had deterred Brown from additional criminal conduct. With this and the other § 3553(a) factors in mind, the court stated that a sentence of 63 months was insufficient because it was only 3 months more than the 60-month sexual-battery sentence. It also noted that Brown had violated his post-release supervision for that sentence by possessing the firearm in question. The court concluded by sentencing Brown to 78 months of imprisonment. Defense counsel objected to the "high-end sentence." This timely appeal followed.

## II. ANALYSIS

On appeal, Brown argues that his sentence is substantively unreasonable because it is greater than necessary to achieve the goals of sentencing pursuant to 18 U.S.C. § 3553(a). He argues that the district court did not appropriately weigh mitigating factors like Brown's acceptance of responsibility for his offense, the fact that his unlawful possession of the firearm was the sole offense, and his difficult family background. Brown also contends that the court improperly relied on his prior 60-month sentence for sexual battery and used it as a benchmark.

When we review a defendant's sentence for substantive reasonableness, we generally apply the abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). "A district court abuses its discretion when it applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact." *United States v. Pugh*, 405 F.3d 390, 397 (6th Cir. 2005) (quoting *Schenck v. City of Hudson*, 114 F.3d 590, 593 (6th Cir. 1997)).

"A sentence may be considered substantively unreasonable when the district court . . . gives an unreasonable amount of weight to any pertinent factor" under 18 U.S.C. § 3553(a). *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). The § 3553(a) factors, which the court must consider, include "the nature and circumstances of the offense," "the history and characteristics of the defendant," and the need for the sentence "to reflect the seriousness of the offense," "promote respect for the law," "provide just punishment," "afford adequate deterrence to criminal conduct," and "protect the public." 18 U.S.C. § 3553(a). "In reviewing for substantive reasonableness, we must 'take into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'" *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007) (quoting *Gall*, 552 U.S. at 51). Sentences within a defendant's applicable Guidelines range may be presumed reasonable. *See id.* (citing *Gall*, 552 U.S. at 51) ("For sentences within the Guidelines, we may apply a rebuttable presumption of substantive reasonableness."). We must also "give 'due deference' to the district court's conclusion that the sentence imposed is warranted by the § 3553(a) factors." *Id.* (quoting *Gall*, 552 U.S. at 51). "The fact that [we] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51.

We conclude that Brown's within-Guidelines sentence is substantively reasonable. The district court considered the relevant § 3553(a) factors and determined that the most appropriate sentence was at the high end of Brown's Guidelines range.

Despite Brown's arguments to the contrary, the district court considered mitigating factors, including Brown's connection to his family, and weighed those factors appropriately. Brown argues that the court improperly used his previous 60-month term for the more serious crime of sexual battery as a benchmark. But the court simply used that sentence as an example of a sentence that was not sufficient to deter future misconduct, and to emphasize the need for the present sentence to accomplish that deterrence goal.

Given that the sentence was not arbitrary and was imposed in light of a reasoned application of the § 3553(a) factors, we conclude that the district court did not abuse its discretion.

## III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.